IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WESLEY PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV26 |
| | ) | |
| V. | ) | |
| | ) | |
| MUTUAL OF OMAHA INSURANCE | ) | ORDER |
| COMPANY, a Nebraska Corporation, | ) | |
| and JOHN DOE, a Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on Plaintiff's Motion to Compel Discovery (filing 53). Plaintiff's Motion will be denied.

### BACKGROUND

      This case involves an insurance coverage dispute. Plaintiff contends that injuries he sustained while a student at Prairie View A&M University are covered under an insurance policy issued by Defendant Mutual of Omaha Insurance Company ("Mutual"). Mutual has denied coverage.

      Through his present Motion, Plaintiff requests that the court order Mutual to produce its claim file related to Prairie View A&M cheerleader, Bethany Norwood. Ms. Norwood was injured in a cheerleading practice at Prairie View in 2004. Mutual initially denied her claim, but later determined that coverage existed. Plaintiff contends that Ms. Norwood's file is relevant and should be produced because Mutual initially denied Ms. Norwood's claim on the same basis as it denied his claim. Additionally, Plaintiff asserts that he needs Ms. Norwood's claim file to determine the credibility of Mutual's denial of his claim.

      Mutual will not be compelled to produce Ms. Norwood's claim file. The reason that Mutual initially denied Ms. Norwood's claim is irrelevant to whether coverage exists for

Plaintiff.  See *Penford Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 265 F.R.D. 430, 433 (N.D. Iowa 2009) ("Evidence of claims by other policyholders is not relevant to a resolution of this issue.  Penford's contract claim will stand or fall on its own merits, based on the provisions of the policy negotiated by the parties, irrespective of any claims made by others.").  The question of whether Plaintiff is covered by the policy depends upon the facts surrounding Plaintiff's injury and the policy language.  The circumstances surrounding Mutual's decision to approve Ms. Norwood's claim and the decision-making process utilized in evaluating her claim have no bearing on the issues involved in this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (filing 53) is denied.

**DATED August 23, 2011.**

                                  **BY THE COURT:**

                                  **S/ F.A. Gossett**
                                  **United States Magistrate Judge**