IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESLEY PATTERSON,<br><br>              Plaintiff,<br><br>    vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska Corporation; and JOHN DOE, a Corporation;<br><br>              Defendants. | 8:10CV26<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the joint stipulation of the parties, Filing No. 79, and a motion for summary judgment, Filing No. 80, relating to the joint stipulation.  The court previously granted partial summary judgment in favor of the plaintiff, Fling No. 76. The court determined that one issue remained for trial, whether defendant was a member of the cheer squad on January 23, 2008, the date he was injured. The parties then began discovery and determined that the evidence supported plaintiff's contention that he was a member of the cheer squad on January 23, 2008.  The parties have filed a joint stipulation to this effect.  Filing No. 79.  This was the only remaining factual issue in this case.

      Plaintiff thereafter filed for summary judgment.  Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Plaintiff contends there are no genuine issues of fact to be tried as a result of the joint stipulation and the previous Memorandum and Order issued by this court.  Defendant opposes this motion.  Filing No. 81.  Defendant's only argument in this regard is a reference to Mutual's objections

and evidence filed in its previous motion for summary judgment. However, defendant acknowledges that the court previously denied the motion in its June 14, 2012, Memorandum and Order. Filing No. 76. Defendant offers nothing additional in this summary judgment.

Accordingly, the court finds the motion for summary judgment, Filing No. 80, is granted pursuant to Fed. R. Civ. P. 56. There are now no material issues to be tried, and the plaintiff is entitled to judgment as a matter of law.

THEREFORE, IT IS ORDERED:

1. Defendant Mutual of Omaha is liable to provide coverage to the plaintiff Wesley Patterson under the Catastrophic Injury Insurance Policy.

2. Defendant Mutual of Omaha is ordered to pay those benefits to plaintiff Wesley Patterson to which he is entitled as a result of his injuries incurred on January 23, 2008.

3. Plaintiff's motion for summary judgment, Filing No. 80, is granted.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 5th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge