IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESLEY PATTERSON,<br><br>                    Plaintiff,<br><br>       v.<br><br>MUTUAL OF OMAHA INSURANCE<br>COMPANY,<br><br>                    Defendant. | **8:10CV26**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on plaintiff Wesley Patterson's motion for attorney fees and costs and his motion to assess damages.  (*See* Filing Nos. 97, 100).  As set forth below, the court will grant and deny plaintiff's motion for attorney fees and will deny plaintiff's motion to assess damages at this time.

## I.      BACKGROUND

Plaintiff was a student at Prairie View A&M University ("Prairie View") and a member of its cheerleading squad during the 2007-2008 school year.  (Filing No. 1)  On January 23, 2008, during tumbling class, plaintiff severely injured his spinal cord.  *Id.* Plaintiff is now a paraplegic.  *Id.*  Because of mounting medical bills, among other expenses stemming from the accident, plaintiff sought coverage through a Catastrophic Injury Insurance Policy (the "Insurance Policy") issued to the National Collegiate Athletic Association ("NCAA") for the benefit of the student athletes and student cheerleaders of NCAA member schools.  (Filing No. 73-18)  The defendant denied coverage for the plaintiff, asserting the plaintiff's accident was not a "covered event" under the insurance policy.  (*See* Filing No. 10)  Plaintiff then initiated suit in this court seeking a declaration

of his rights under the insurance policy (i.e. that the insurance policy issued to the NCAA covered the plaintiff's accident).

On June 14, 2012, this court granted partial summary judgment in favor of the plaintiff.  (Filing No. 76)  The court determined that one issue remained for trial—whether the plaintiff was a member of the cheer squad on January 23, 2008, the date of the accident.  The parties subsequently entered into a joint stipulation of facts (Filing No. 79) stating that "[p]laintiff Wesley Patterson would present evidence sufficient to meet his burden to prove that he was a member of the [Praire View] cheer squad on January 23, 2008, the date he was injured." *Id*.  With the resolution of this factual dispute, there remained no genuine issues of material fact.  (*See* Filing No. 84) Accordingly, on November 5, 2012, this court granted the plaintiff's motion for summary judgment (i.e. that the defendant was obliged to cover plaintiff under the insurance policy).  *Id*.  This court entered judgment for the plaintiff and against the defendant on November 5, 2012.  (Filing No. 85)

The defendant appealed this court's judgment to the Eighth Circuit.  Before doing so, however, the defendant filed a motion to stay enforcement of the judgment pending the appeal.  (Filing No. 86)  This court granted the motion to stay.  (Filing No. 87)  The Eighth Circuit ultimately affirmed this court's decision on February 28, 2014.  *See Patterson v. Mutual of Omaha Insurance Company*, 743 F.3d 1160 (8th Cir. 2014).  The Eighth Circuit issued the mandate on March 21, 2014.  Filing No. 93.

Thereafter, on May 20 and May 28, 2014, the plaintiff filed motions for attorney fees and expenses, and a motion to assess damages (*See* Filing Nos. 97, 100) and accompanying briefs and indexes in support of such.  (Filing Nos. 98, 99, 101, 102)

2

Defendant opposes these motions. To that end, defendant filed briefs, and accompanying indexes, in opposition to the plaintiff's motion for attorney fees and expenses. (Filing Nos. 106, 113, 114, 117, 118, 119 and 125).

## II.    ANALYSIS

### 1.    *Attorney Fees*

The plaintiff cites to NEB. REV. STAT. § 44-359 in support of his motion for attorney fees. The statute provides that

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy, except workers' compensation insurance, or upon any certificate issued by a fraternal benefit society, against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs. If such cause is appealed, the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings, except that if the plaintiff fails to obtain judgment for more than may have been offered by such company, person, or association in accordance with section 25-901, then the plaintiff shall not recover the attorney's fee provided by this section.

NEB. REV. STAT. § 44-359 (Supp. 2013). Under § 44-359, "an insurance policy beneficiary who successfully sues his or her insurance company is entitled to a reasonable attorney fee at the trial level and on appeal." *Rod Rehm, P.C. v. Tamarack Amer.*, 261 Neb. 520, 533, 623 N.W.2d 690, 700 (2001). Moreover, the application of § 44-359 in the United States District Court for the District of Nebraska is appropriate. *See Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938).

FED. R. CIV. P. 54(d), however, imposes certain procedural requirements with regard to a motion for attorney fees and costs. First, "a claim for attorney's fees and

related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." *Id*. Second,

> Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

*Id*. However, the Court is permitted to extend time for excusable neglect. Fed. R. Civ. P. 6(b); B.A. Const. and Management, Inc. v. Knight Enterprises, Inc., 365 F. Appx. 638, 646 (6ᵗʰ Cir. 2010). The Tenth Circuit has stated:

> A district court may, however, "for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). In determining whether a party's neglect is excusable, this court considers: 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party. *U.S. v. Torres,* 372 F.3d 1159, 1162 (10th Cir.2004) (analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure 4(b)(4), where the party filed an untimely notice of appeal); see also *Quigley,* 427 F.3d at 1238 (applying the *Torres* standard to a claim of excusable neglect under Federal Rule of Civil Procedure 6(b)). The reason for delay is an important, if not the most important, factor in this analysis. *Torres,* 372 F.3d at 1163.

*Hamilton v. Water Whole Intern. Corp.,* 302 Fed. Appx. 789, 797 (10ᵗʰ Cir. 2008). Plaintiff's delay in filing a motion for fees is also excusable when post trial motions suspend the finality of the judgment. *Drumgold v. Callahan,* 806 F. Supp.2d 428, 434 (D. Mass. 2011). Likewise, a final judgment has not occurred where challenges to remaining provisions of the complaint were still pending. *Planned Parenthood Minnesota v. Daugaard,* 946 F. Supp.2d 913, 922 (D.S.D. 2013) (Section 1983 case). The Eighth Circuit has defined excusable neglect as "good faith and some reasonable

basis for noncompliance with the rules." *Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir.1997).

Defendant contends that plaintiff's motion for attorney fees is not appropriate for three reasons. (*See* Filing No. 106)  First, defendant contends that the plaintiff's motion for attorney fees at the district court level does not conform to FED. R. CIV. P. 54(d)(2)(B)(i)—i.e. that the motion was filed more than "17 months late." (Filing No. 106)  Defendant premises this contention on the notion that neither the stays nor extension granted by this court affected the filing period for attorney fees. *Id.*  This contention also relies on the notion that the defendant's appeal did not affect the filing period for attorney fees. *Id*  Second, defendant argues that plaintiff's claim "for attorney fees . . . on appeal is time barred" because plaintiff failed to file a motion with the Eighth Circuit within "14 days of the entry of judgment . . ." as required by Fed. R. App. P. 39(d)(1) and 8th Cir. R. 39A(b).[1]  (Filing No. 106)  Third, defendant argues that plaintiff's attorney fees incurred after March 3, 2014, relating to the preparation of plaintiff's post-judgment motion to assess damages, ". . . is not ripe because his motion to assess damages is still pending, and he is not the prevailing party on that motion." *Id.*

Plaintiff asserts various arguments in support of his motion for attorney fees. First, plaintiff contends that, because defendant failed to oppose plaintiff's motion for enlargement of time for attorney fees, defendant waived any right to oppose the motion. (Filing No. 107)  Plaintiff also contends that this court's order granting his summary judgment (Filing No. 84)  did not dispose of all matters in this case because "[b]y the time [the plaintiff] filed his [m]otion to [a]ssess [d]amages . . . [the defendant] had yet to pay [the plaintiff] any of the past-due benefits."  (Filing No. 107, at 4)  Last, plaintiff

---

[1] The Court notes, however, that these sections deal only with costs, not attorney fees.

5

argues that the doctrine of equitable tolling should apply in this case because "[plaintiff] had no notion of whether this [c]ourt's judgment would be affirmed."  (Filing No. 115)

A.    *Attorney Fees Incurred Prior to and After the Appeal; Motions to Stay Proceedings*

This court entered judgment in this case on November 5, 2012.  (Filing No. 84). The Court ordered a stay of enforcement of the judgment pending appeal.  Filing No. 87. The Eighth Circuit affirmed on February 28, 2014, and the mandate issued on March 21, 2014. (Filing Nos. 91, 92 and 93).  Also on March 21, 2014, plaintiff filed a notice of intent to seek past-due benefits and attorney fees.  Filing No. 94.  The plaintiff filed a motion to extend time to file his motion for fees which the Court granted. Thereafter, the plaintiff filed his motion for attorney fees on May 28, 2014 (Filing No. 100).

A cursory look at the record might indicate that the plaintiff was, indeed, over seventeen months late in filing his motion for attorney fees.  *See* FED. R. CIV. P. 54(d)(2)(B)(i).  The magistrate judge, however, granted two motions to stay proceedings (Filing Nos. 83, 87) and granted one motion for enlargement of time.  (Filing No. 95) Specifically, (1) the magistrate judge granted a joint motion to stay enforcement of all proceedings (Filing No. 83), (2) defendant's unopposed motion to stay enforcement of judgment pending appeal, granted by this Court (Filing No. 87), and (3) plaintiff's unopposed motion for enlargement of time for attorney fees and expenses, after the appeal, granted by the magistrate judge.  (Filing No. 96)  With respect to Filing No. 82, the parties requested that this Court "issue a new schedule re-setting these deadlines, if

6

necessary." Filing No. 82, at 2.[2]  The magistrate judge indicated in his text order, Filing No. 83, that an Amended Progression order would be entered following the summary judgment decision.  Thus, the question is what effect, if any, these motions and orders had on the time restraints imposed by FED. R. CIV. P. 54(d)(2)(B)(i) and NEB. REV. STAT. § 44-359; and whether the defendant's appeal  (Filing No. 88) had any effect on the timing of the plaintiff's motion for attorney fees.[3]

As a preface, the Court agrees that if, as the defendant contends (*See* Filing Nos. 106, 113), the plaintiff was required to file his motion for attorney fees within fourteen days of this court's judgment on November 5, 2012, the plaintiff's motion for attorney fees was untimely under FED. R. CIV. P. 54(d)(2)(B)(i).   However, the Court finds otherwise.

In context, however, it would be illogical to hold that the period imposed by FED. R. CIV. P. 54(d)(2)(B)(i) began to run immediately after this court granted plaintiff's motion for summary judgment, because of the language in the parties' joint motion to stay all deadlines.  The defendant filed its notice of appeal with the Eighth Circuit (Filing No. 88) and its motion to stay enforcement of judgment pending appeal (Filing No. 86) one day after this court entered summary judgment for the plaintiff.   Ultimately, defendant's contention that plaintiff's motion for attorney fees is "17 months" (Filing No. 106) late is unpersuasive, because this court never lifted its order staying all proceedings. It is at the very least ambiguous.  In addition, as soon as the Eighth Circuit made its determination, plaintiff filed a motion to assess damages, as defendant at that point had not paid any money to the plaintiff, and plaintiff also immediately filed a notice

---

[2] The Court notes that absent special circumstances, it does in fact have jurisdiction over attorney fees issues while a case is on appeal.
[3] The Court determines that the other arguments set forth by the parties are without merit.

of filing for attorney fees. Furthermore, plaintiff alleges damages and failure to pay benefits in this case. Filing No. 1, Complaint, ¶¶ 3, 11, 13 and 20; motion to assess damages, Filing Nos. 94 and 97.[4] The combination of the stays and motion to assess damages leads the court to determine excusable neglect and find that the plaintiff is entitled to attorney fees and further that he has timely filed for attorney fees in this case.

B.   Attorney Fees Incurred Prior to the Appeal; Equitable Tolling

In the alternative, even if plaintiff's motion for attorney fees is technically late under FED. R. CIV. P. 54(d)(2)(B)(i), this court finds that the plaintiff's motion for attorney fees is appropriate under the doctrine of equitable tolling. (See Filing No. 115) Courts generally employ the doctrine of equitable tolling to provide "relief from the harshness of mechanical rules." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1330 (8th Cir. 1995). Regarding the doctrine, the Eighth Circuit has posited that

> It would . . . be inconsistent with the concept of equity to lay down hard and fast rules governing when such relief would be available. A case-by-case analysis, the 'balancing of the equities,' is thus the usual approach when a party seeks to be excused from the indiscriminate sweep of a rigid statute.

Id. The Court finds that for the reasons previously posited, i.e., the stays and extension, and pending motion for damages, plaintiff is entitled to equitable tolling in this case.

C.   Attorney Fees and Costs Incurred After March 3, 2014; Motion to Assess Damages

Defendant also argues that the plaintiff's attorney fees and costs incurred after March 3, 2014, relating to the preparation of plaintiff's post-judgment motion to assess damages ". . . is not ripe because his motion to assess damages is still pending." (See Filing No. 106) This contention stems from the fact that this court has yet to entertain

---

[4] Although not artfully drafted, the Complaint clearly encompasses both the declaratory request and a request that this Court order payment of benefits.

plaintiff's motion to assess damages.  This argument, however, fails to recognize that plaintiff filed his motion to assess damages, due to defendant's slow claims process. (*See* Filing No. 115)  Although the parties have conflicting stories of how long it took defendant to contact the plaintiff regarding the claims process (compare plaintiff's reply brief in support of his motion for attorney fees and expenses, Filing No. 115, with defendant's brief in opposition to motion for attorney fees and expenses, Filing No. 113), defendant's claims process in denying the plaintiff insurance coverage for over four years is the problem.

However, it appears that since the Eighth Circuit decision and since this motion for damages has been filed, the defendant has paid a sum of money to the plaintiff no later than June 19, 2014, namely $330,000 out of a requested $424,000, plus monthly disability benefits at $2,433.31. Other claims are still being assessed and processed. The Court is uncertain at this time regarding any remaining claims.  The Court is not in the business of approving and disapproving claims, until such time as they have gone through the process, and thereafter, the Court has jurisdiction to review them.  With that thought in mind, the Court will to deny the current motion to assess damages.  The Court urges the parties to quickly and efficiently determine the monies owed to the plaintiff.  Plaintiff has awaited judgment much too long in this case.  If, however, the plaintiff goes through the claims process and still believes he has a cause of action in this Court, the Court will re-open the case and allow the plaintiff to re-submit the issue of damages and further attorney fees, and the Court will review the issues at that time. However, again, the Court urges the parties to determine these claims as soon as possible.

Accordingly, the Court will deny any post Eighth Circuit attorney fees at this time subject to timely reassertion.

D.      Reasonable Attorney Fees

This court finds that the rate charged by plaintiff's attorney is reasonable.  As plaintiff's brief correctly points out, "Nebraska courts—both state and federal—consider nine factors in evaluating a claim for attorney's fees under NEB. REV. STAT. § 44-359." (Filing No. 101)  See, e.g., Schmer v. Hawkeye–Security Insurance Co., 194 Neb. 94, 97, 230 N.W.2d 216, 218 (1975); Davenport Grain Co. v. Michigan Millers Mut. Ins. Co., 125 F.R.D. 157, 159 (D. Neb. 1987).  The nine factors are:

> (1) The amount involved, (2) the nature of the litigation, (3) the time and labor required, (4) the novelty and difficulty of the questions raised and the skill required to properly conduct the case[,] (5) [t]he responsibility assumed, (6) the care and diligence exhibited, (7) the result of the suit, (8) the character and standing of the attorney, and (9) the customary charges of the bar for similar services.

Davenport Grain Co., 125 F.R.D. at 159 (citing Schmer, 194 Neb. at 97, 230 N.W.2d at 218).  The court finds that all factors favor the plaintiff.  The monetary amount involved in this case is substantial—the policy limit under the insurance policy is $20 million. (See Filing No. 101)  The litigation has lasted multiple years, and thus, this case required a substantial amount of time and labor.  This court agrees with plaintiff that this case presented a ". . . unique question of policy interpretation with no decisional authority 'on point'" and therefore, representation required skill.  Id.  The plaintiff assumed almost all of the responsibility in this case, obtaining only minimal help from an associate attorney.  (See Filing No. 101)  Plaintiff's attorney conducted herself in a diligent manner throughout the proceedings.  The plaintiff's attorney obtained a judgment with this court that the Eighth Circuit ultimately affirmed. The plaintiff's

attorney has a good reputation in the bar; Martindale-Hubbell lists plaintiff's attorney as "AV" rated.  (*See* Filing No. 101).[5]  Last, a $195/hourly rate is reasonable.

   E. *Overall Breakdown Regarding Attorney Fees*

  First, relating to plaintiff's attorney fees incurred prior to defendant's appeal, the Court concludes that plaintiff is entitled to reasonable attorney fees.  However, because of the rulings made herein, the Court finds it is advisable to allow the plaintiff to refile those fees and costs he believes are appropriate in this case.  The plaintiff shall have 14 days from the date of this Memorandum and Order to do so.  The defendant did not reply to plaintiff's specific fee requests.  Accordingly, the defendant shall have 14 days after plaintiff's filing to respond to the specific request for fees and costs.  The Court does not want any more argument as to whether plaintiff shall receive fees but only argument and law regarding what specific fees are or are not reasonable.

  Second, with regard to fees on appeal, the Eighth Circuit has stated:  "We typically determine fees only for services rendered in this Court and allow the district court to determine the proper compensation for services rendered before it.  *Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 138 (8th Cir. 1982) (en banc)."  *Little Rock School Dist. v. Arkansas,* 674 F.3d 990, 995 (8th Cir. 2012).  The Eighth Circuit has a local rule for attorney fees that occurred on appeal.  See 8th Cir. R. 47C.  The rule specifically requires a party to file for fees within 14 days after entry of the judgment.  See 8th Cir. R. 47C(a).  In the alternative, the Court of Appeals may determine that the attorney fees issue may be remanded to the district court for determination.  8th Cir. R. 47C(b).  No order remanding the issue of attorney fees occurred in this case.  Thus,

---

[5] The court confirmed that this is true.

plaintiff's motion for attorney fees on appeal is denied in this Court.  Plaintiff must proceed to the circuit for that determination.

THEREFORE, IT IS ORDERED THAT:

1.   The Court grants plaintiff's motion for attorney fees, Filing No. 100, relating to attorney fees incurred prior to defendant's appeal;

2.   The Court denies plaintiff's motion for attorney fees, Filing No. 100, relating to attorney fees stemming from defendant's appeal because plaintiff must seek these attorney fees with the Eighth Circuit as set forth above;

3.   The Court denies plaintiff's motion for attorney fees, Filing No. 100, relating to attorney fees incurred after March 3, 2014, as set forth herein;

4.   The Court denies the plaintiff's motion to assess damages at this time, Filing No. 97, as set forth herein;

5.   Plaintiff shall have 14 days from the date of this order to file an itemized claim for fees in accordance with this Memorandum and Order, and defendant shall have 14 days thereafter to respond.

DATED:  December 4, 2014

BY THE COURT:


 s/ Joseph F. Bataillon
Senior United States District Judge

12